UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FOSTER BATES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| NATHAN THAYER, | )   1:24-cv-00175-JAW |
| | ) |
| Respondent, | ) |

**ORDER AFFIRMING RECOMMENDED DECISION OVER OBJECTION**

A federal magistrate judge recommends the dismissal of a 28 U.S.C. § 2254 petition brought by an incarcerated individual serving a sentence of life plus thirty years for murder and gross sexual assault, on the grounds that the petitioner's claims are procedurally defaulted and without merit. Having performed a de novo review, the federal district court affirms the magistrate judge's recommended decision over the petitioner's objection because the petitioner's motion raises procedurally defaulted grounds.

**I.      PROCEDURAL HISTORY**

In July 2002, a jury of the state of Maine Superior Court found Foster Bates guilty of murder and gross sexual assault. *Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, Attach. 2, *Decision and Order* at 1 (ECF No. 1) (*State Ct.'s Post-Conviction Rev.*). On December 6, 2002, the Maine Superior Court sentenced Mr. Bates to a term of incarceration of life on the murder conviction

and a concurrent thirty-year term on the gross sexual assault conviction.[1] *Id.* On Mr. Bates's appeal, the Maine Supreme Judicial Court, sitting as the Law Court, affirmed his conviction and sentence. *Id.*

On May 14, 2024, Mr. Bates, acting pro se, filed a motion seeking relief from his state court conviction and sentence for murder and gross sexual assault pursuant to 28 U.S.C. § 2254. *Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (ECF No. 1) (*Pet'r's Mot.*). His motion alleges ineffective assistance of counsel, violation of his right to an impartial jury, prosecutorial misconduct, and insufficient evidence to support his convictions. *Id.* at 6-11. Maine State Prison Warden Nathan Thayer answered Mr. Bates's petition on May 23, 2024, urging the Court to deny Mr. Bates's requested relief. *Resp.'s Mot. to Dismiss/Answer to Pet. For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254* (ECF No. 5). Mr. Bates replied on July 1, 2024. *Reply to State's Resp.* (ECF No. 7).

On December 12, 2024, the United States Magistrate Judge filed his Recommended Decision on 28 U.S.C. § 2254 Petition, recommending that the Court dismiss Mr. Bates's petition because his claims are procedurally defaulted and, further, without merit. *Recommended Decision on 28 U.S.C. § 2254 Pet.* (ECF No. 8) (*Rec. Dec.*). Because a Magistrate Judge reviewed Mr. Bates's petition under 28 U.S.C. § 636(b)(1)(B), Mr. Bates had a right to de novo review by the district judge upon filing an objection within fourteen days of being served. 28 U.S.C. § 636(b)(1)(C).

---

[1] In his petition, Mr. Thayer alleges he was sentenced to "life plus thirty years." *Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* at 1 (ECF No. 1). The record elsewhere reflects that the thirty-year sentence on the gross sexual assault conviction runs concurrently with the life sentence on the murder conviction. *State Ct.'s Post-Conviction Rev.* at 1.

2

Mr. Bates timely objected to the recommended decision on January 21, 2025, after receiving an extension to do so until that date. *Mem. in Support of Pet'r's Obj. to the Recommended Decision to Dismiss 28 U.S.C. § 2254 Pet.* (ECF No. 12) (*Pet'r's Obj.*); *Order Granting Mot. to Extend Time to File Objs. to Recommended Decision* (ECF No. 10).

## II.     THE PARTIES' POSITIONS

### A.     The Magistrate Judge's Recommended Decision

In his twenty-eight-page Recommended Decision, the Magistrate Judge begins his legal discussion by stating that "a person in custody pursuant to a state court judgment may apply to a federal district court for a writ of habeas corpus 'only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Rec. Dec.* at 12 (quoting 28 U.S.C. § 2254(a) (addition made by Magistrate Judge)). "Absent circumstances not relevant to Petitioner's case," the Recommended Decision says, "a petitioner is required to exhaust available state court remedies before he seeks federal habeas review." *Id.* (citing 28 U.S.C. § 2254(b), (c)). The Magistrate Judge explains that the purpose of administrative exhaustion is to give the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Id.* at 13 (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (in turn quoting *Duncan v. Henry*, 512 U.S. 364, 365 (1995))). "In *Baldwin*, the [Supreme] Court noted that '[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that

3

court to the federal nature of the claim." *Id.* (quoting *Baldwin*, 541 U.S. at 29 (in turn quoting *Duncan*, 513 U.S. at 365-66)).

In Maine, administrative exhaustion requires a petitioner to request discretionary review by the Law Court, *id.* (citing 15 M.R.S. § 2131), and the United States Supreme Court has held that a procedural default by failing to exhaust all state-court remedies bars federal review absent cause for the default and actual prejudice to the petitioner, or a demonstration that the failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The Magistrate Judge states that a "fundamental miscarriage of justice" has only been recognized in cases of "actual innocence," requiring petitioners to demonstrate "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 14 (quoting *Gunter v. Maloney*, 291 F.3d 74, 83 (1st Cir. 2002) (in turn quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995))).

Because the constitutional right to counsel does not extend beyond a direct appeal to cover collateral attacks on a conviction, the Magistrate Judge explains, ineffective assistance in a state postconviction proceeding generally cannot establish cause to set aside a procedural default. *Id.* (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Coleman*, 501 U.S. at 752-55). The Supreme Court's "narrow exception" to this rule does not apply, and habeas relief is thus not available, "when the procedural default relates to post-conviction counsel's actions at the

4

discretionary-review stage rather than at the initial-review stage of the collateral proceeding." *Id.* (citing *Martinez v. Ryan*, 566 U.S. 1, 16 (2002)).

"As to review of a state court decision under section 2254(d)(1)," the Magistrate Judge says, "[i]t is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.'" *Id.* at 15 (quoting *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (per curiam) (in turn quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011))). "Claims of ineffective assistance of counsel are thus subject to a 'doubly deferential' standard of review, in deference to both the state court and defense counsel." *Id.* at 15-16 (quoting *Woods v. Etherton*, 578 U.S. 113, 117 (2016) (per curiam) (in turn quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011))).

The Magistrate Judge explains that in *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth the relevant Sixth Amendment standard by which claims of ineffective assistance are evaluated on the merits. *Id.* at 16. *Strickland* requires a petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 688, 694). "A court need not 'address both components of the inquiry if the defendant makes an insufficient showing on one,'" the Recommended Decision states, and there is a

5

presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 16-17 (first quoting *Strickland*, 466 U.S. at 697; then quoting *Companonio v. O'Brien*, 672 F.3d 101, 110 (1st Cir. 2012) (in turn quoting *Strickland*, 466 U.S. at 690)).

Turning to the instant case, the Magistrate Judge summarizes the Petitioner's arguments in support of a writ of habeas corpus:

> Petitioner argues that trial counsel provided ineffective assistance by failing to: (1) obtain DNA testing or call an expert witness, (2) call other witnesses, (3) challenge the composition of the grand jury or the trial jury, (4) file a motion for the grand jury minutes, and (5) file a motion for a mistrial based on alleged prosecutorial misconduct in the form of destruction of exculpatory evidence.

*Id.* at 17. The Recommended Decision notes that Mr. Bates did not raise the first or second claim in his request for discretionary review by the Law Court and therefore "failed to exhaust the claims fully, and because Maine law requires him to present all available claims in one proceeding, the claims are now procedurally defaulted." *Id.* The Magistrate Judge adds that, because there is no constitutional right to counsel during post-conviction proceedings, Mr. Bates cannot overcome the procedural default by asserting that postconviction counsel was ineffective for failing to raise the issues in the filings submitted to the Law Court. *Id.* The Recommended Decision also determined that the *Martinez* exception is unavailable to Mr. Bates. *Id.* at 17-18 (discussing *Martinez*, 566 U.S. 1).

Given this procedural default of claims one and two, the Magistrate Judge observes that Mr. Bates "can only proceed with the claims . . . if he can show that it is more likely than not that no reasonable juror would have found [him] guilty beyond

6

a reasonable doubt," and determines the Petitioner has not satisfied that standard. *Id.* at 18. Upon his thorough review, the Magistrate Judge recommended that Mr. Bates "cannot satisfy the standard for an actual innocence gateway claim for essentially the same reasons that many of his claims also fail on the merits: the state court considered the evidence Petitioner has raised in multiple filings and reasonably concluded that the new evidence does not create a likelihood of a different verdict (a less stringent standard)." *Id.*

Although the Magistrate Judge recommends the Court conclude that Mr. Bates has not rebutted the presumption of correctness for the state court's findings, the Recommended Decision considers the merits of the Petitioner's first and second claims. On these claims, the Magistrate Judge points out that the witnesses Mr. Bates insists trial counsel should have called are unavailing, and the DNA evidence and expert witness Mr. Bates contends trial counsel should have called "did not clearly implicate another suspect in a way that was inconsistent with an innocent explanation." *Id.* The Magistrate Judge observes that, in considering these arguments, "the Law Court reasonably noted, '[t]here is no evidence in [the] record . . . that would allow a fact-finder to find . . . that [Petitioner] did not touch the sock— any more likely than others, i.e., that [Petitioner] touched but did not leave ("shed") his DNA on the sock, that he wore gloves, or that he touched the sock in a location that was not sampled.'" *Id.* at 18-19 (quoting *States v. Bates*, 2018 ME 5, ¶ 11, 177 A.3d 621). Further, the Magistrate Judge concluded that the new expert witness's "expectation of additional evidence is not enough to satisfy the standard required for

7

an actual innocence claim." *Id.* at 19.  "In sum," he says, "the DNA evidence and new witness testimony were insufficient to overcome the procedural default and would not establish deficient performance or prejudice even if the Court assumed that Petitioner could establish a gateway innocence claim." *Id.* at 19-20.

Turning to Mr. Bates's third, fourth, and fifth ineffective assistance of counsel claims, the Magistrate Judge similarly determined that because Mr. Bates "did not raise [those] claims in the state court, those claims also fail because they are procedurally defaulted and because Petitioner has not established actual innocence." *Id.* at 20.  The Magistrate Judge further said that to the extent Mr. Bates might have intended to rely on the *Martinez* exception to argue that post-conviction counsel was ineffective for omitting the trial-related assistance claims at the initial-review stage of collateral proceedings, those claims would still fail on the merits, for reasons explained in the Recommended Decision.  *Id.* at 20-21 (discussing *Martinez*, 566 U.S. 1).

The Magistrate Judge alternatively concludes that Mr. Bates's third, fourth, and fifth ineffective assistance claims are unavailing on the merits.  *Id.*  at 21.  The Recommended Decision does not credit Mr. Bates's allegation that post-conviction counsel provided ineffective assistance by filing to timely file the second state court post-conviction proceeding, and further recommends that the Court dismiss the Petitioner's arguments regarding the alleged violation of his right to an impartial jury based on the state court's decision to allow three jurors to serve after acknowledging that they had read a recently published article about the case

8

containing factual details Mr. Bates sought to exclude and the State later agreed to not introduce as evidence. *Id.* at 21-22. The Recommended Decision determines that the record shows the Law Court thoroughly examined the trial court's independent inquiry into the exposure to publicity and its impact on the jurors' respective ability to remain impartial. *Id.* at 23. "Petitioner has not shown that the state court's conclusion was contrary to or an unreasonable application of the law articulated by the Supreme Court," the Magistrate Judge says. *Id.*

The Recommended Decision also urges the Court to conclude that Mr. Bates's *Batson* challenge is procedurally barred because he failed to exhaust available state remedies and, additionally, that his challenge is without merit because there is no evidence to support purposeful discrimination. *Id.* at 23-24 (citing *Batson v. Kentucky*, 476 U.S. 79, 89 (1986)).

Turning to Mr. Bates's challenges to the sufficiency of the evidence sustaining his state-court conviction, the Magistrate Judge urges the Court not to credit these arguments because the Law Court determined that a reasonable jury could have found beyond a reasonable doubt that Mr. Bates, and not an alternate suspect, committed the murder based on the evidence before it, and these conclusions "were not contrary to or unreasonable applications of *Jackson* or its progeny." *Id.* at 25-26 (discussing *Jackson*, 569 U.S. 505).

Finally, the Magistrate Judge recommends the Court conclude that Mr. Bates's contentions regarding purported prosecutorial misconduct through the destruction of exculpatory evidence are procedurally defaulted because he did not raise the issues

with the state court, and there are no grounds on which Mr. Bates can overcome the default. *Id.* at 26-27.

### B. Foster Bates's Objection

Mr. Bates filed a twenty-eight-page objection to the Magistrate Judge's Recommended Decision. After rehashing the procedural history of this case and reasserting the arguments raised in the 28 U.S.C. § 2254 motion regarding perceived errors in the multiple state court rulings in this long-running case, *see Pet'r's Mot.* at 1-15, Mr. Bates turns to the Recommended Decision. He "acknowledges procedural default under Maine law but argues that the procedural bar must yield to fundamental fairness and constitutional guarantees" because "[t]he errors in this case resulted in a miscarriage of justice, warranting review under the 'cause and prejudice' exception articulated in *Wainwright v. Sykes*, 433 U.S. 72 (1977)." *Id.* at 15 (formatting corrected by the Court). He says ineffective assistance of counsel constitutes cause and resulted in prejudice to the Petitioner, in the form of "the unjust conviction." *Id.*

Mr. Bates disagrees with the Magistrate Judge that "the only prejudice Petitioner suffered from deficient performance was the loss of his ability to assert the newly discovered evidence claim," contending but-for the "deficient performance of . . . counsel, Petitioner in all likelihood would have received a new trial on newly discovered evidence." *Id.* at 16 (quoting *Rec. Dec.* at 21) (citation corrected). He also disagrees with the Magistrate Judge that the Petitioner's claims regarding ineffective assistance of counsel fail, in the words of the Recommended Decision, "[b]ecause there

10

is no federal constitution right to counsel in connection with a collateral attack." *Id.* at 16-17. Mr. Bates contends his Sixth Amendment rights apply post-conviction and, further, that the *Martinez* exception applies because "[u]nder Maine law, the first place a defendant can raise ineffective assistance of counsel is on Post-conviction Review." *Id.* (discussing *Martinez*, 566 U.S. 1).

Mr. Bates next takes issue with the Magistrate Judge's treatment of his claims regarding prosecutorial misconduct, reasserting his arguments that the prosecutor's failure to disclose exculpatory evidence violated his due process rights. *Id.* at 20-21. He also reasserts the arguments previously raised in his petition, and addressed by the Recommended Decision, regarding the jury's compromised impartiality based on its racial composition and several jurors' awareness of a newspaper article discussing evidence not before them. *Id.* at 22-26. Finally, Mr. Bates again challenges the sufficiency of the evidence leading to his conviction. *Id.* at 26-28.

### III. LEGAL STANDARD

The Petitioner timely filed an objection to the Magistrate Judge's Recommended Decision, and the Court thus "shall make a de novo determination of those portions of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* 28 U.S.C. § 636(b)(1)(B). At the same time, the Court is "only obliged to perform de novo review of disputed portions of the report and recommendation." *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth*

11

*Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

## IV. DISCUSSION

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. Having made a de novo determination of "disputed portions of the report and recommendation," the Court affirms the Recommended Decision of the Magistrate Judge over the Petitioner's objection and determines that no further proceedings are necessary. *See J.C.D.*, 861 F.3d at 6.

The Magistrate Judge recommended the dismissal of Mr. Bates's petition because, at bottom, the Petitioner's claims to relief are procedurally barred for failure to properly raise them before the state courts. The Petitioner's objection "acknowledges procedural default under Maine law but argues that the procedural bar must yield to fundamental fairness and constitutional guarantees." *Pet'r's Mot.* at 15. Mr. Bates urges that "[t]he errors in this case resulted in a miscarriage of justice, warranting review under the 'cause and prejudice' exception articulated in *Wainwright v. Sykes*, 433 U.S. 72 (1977)." *Id.* (formatting corrected by the Court). He says ineffective assistance of counsel constitutes cause and resulted in prejudice to the Petitioner, in the form of "the unjust conviction." *Id.*

The question for the Court is thus whether an avenue remains open to Mr. Bates, despite his conceded procedural default. The short answer is no. Although the Magistrate Judge was not obligated to address the merits of the Petitioner's pleaded claims for relief after determining his claims were procedurally barred, he

nonetheless did so, in great detail. The Magistrate Judge's twenty-eight-page Recommended Decision is extremely thorough and well-researched, and analyzed the relevant legal authorities on procedural default, recognized exceptions to procedural default, and claims of ineffective assistance of counsel. After considering all these potential avenues to the Petitioner's relief in detail, the Magistrate Judge recommended the Court dismiss the Petitioner's claim.

Having performed a de novo review of Mr. Bates's pleaded pathways to relief, and the relevant legal authority, the Court now affirms the Magistrate Judge's Recommended Decision, for the reasons stated within the same and addressed in this order. Mr. Bates's objection has not convinced the Court that he is entitled to a writ of habeas corpus in spite of his acknowledged procedural default, and the Court further agrees with the Magistrate Judge, for the reasons explained in his Recommended Decision, that an exception to the default is unavailable to Mr. Bates.

Having performed a de novo review pursuant to 28 U.S.C. § 363(b)(1)(B), the Court AFFIRMS the Recommended Decision on 28 U.S.C. § 2254 Petition (ECF No. 8), OVERRULES the Memorandum in Support of Petitioner's Objection to the Recommended Decision to Dismiss 28 U.S.C. § 2254 Petition (ECF No. 12), and accordingly DISMISSES without prejudice the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1). No Certificate of Appealability should issue because there is no substantial issue that could be presented on appeal. See Fed.R.App.P.22 and Rule 11 of the Rules Governing Proceedings Under 28 U.S.C. Section 2254 or Section 2255.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of February, 2025