UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FOSTER BATES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:24-cv-00175-JAW |
| | ) |
| NATHAN THAYER, | ) |
| | ) |
| Respondent. | ) |

**PRELIMINARY ORDER ON MOTION TO STAY AND ORDER ON THIRD-PARTY FILINGS**

In an order addressing the scope of a federal district court's jurisdiction pending a petitioner's appeal, the court assumes, first, that it retains jurisdiction over a petitioner's motion to stay and will issue a final order on the motion when the warden has had the opportunity to respond and the motion is ready for decision. Second, the court concludes it does not have jurisdiction over a third party's filings in the case, both because the third party's amicus brief requests relief directly involved in the petitioner's appeal and because, to the court's knowledge, the third party is neither a party to this case nor an attorney.

**I.   BACKGROUND**

On February 14, 2025, over the Petitioner's objection, the Court issued an order affirming a United States Magistrate Judge's recommendation that the Court dismiss Foster Bates's petition brought pursuant to 28 U.S.C. § 2254, on the grounds that his claims were procedurally defaulted and without merit. *Order Affirming Recommended Decision Over Obj.* (ECF No. 14). The Clerk of Court entered judgment

against Mr. Bates on February 19, 2025, dismissing his habeas petition without prejudice. *J.* (ECF No. 14).

Mr. Bates, who is incarcerated and appearing pro se, then moved for enlargement of time to file a notice of appeal of the Court's order affirming the Recommended Decision to the United States Court of Appeals for the First Circuit. *Mot. for Enlargement of Time* (ECF No. 15). The Court granted Mr. Bates's motion on April 14, 2025, granting him a fourteen-day extension pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). *Order on Mot. for Enlargement of Time* (ECF No. 16).

On April 28, 2025, Mr. Bates filed, first, a motion for stay and abeyance, *Mot. for Stay and Abeyance* (ECF No. 17) (*Pet'r's Mot. for Stay*), and, second, a notice of appeal of the Court's order affirming the Recommended Decision to the First Circuit. *Notice of Appeal* (ECF No. 18). Mr. Bates's motion for stay asks the Court to "grant a stay of [his] federal petition proceedings and hold the case in abeyance" in order to "afford [him] the opportunity to return to state court and pursue the unexhausted claims." *Pet'r's Mot. for Stay* at 2. The Government has until May 19, 2025 to respond to Mr. Bates's motion for stay.

Also on April 28, 2025, Jeffrey Evangelos, who is not a party to this case, emailed the Clerk of Court, attaching what he entitled an "Amicus Brief on [B]ehalf of Foster Bates" and informing the Court that he volunteers at the Maine State Prison and served for a decade on the Maine House of Representatives' Judiciary Committee until his retirement in December 2022. *Amicus Br. on [B]ehalf of Foster Bates* (ECF No. 22) (*Amicus Br.*). Mr. Evangelos's self-titled amicus brief takes issue with the

2

sufficiency of the evidence supporting Mr. Bates's conviction and, further, "address[es] the issue of limited time court notices in conjunction with the slow Maine State Prison mail system," which he avers has hindered Mr. Bates's ability to secure legal counsel. He requests "that Mr. Bates be given adequate time and consideration due to the impediments cited," and that "the Court exclude the gloves as legitimate and that the exclusion of Mr. Bates's DNA from any crime scene evidence be given the exculpatory consideration that is routinely used by the Maine State Police Cold Case Unit." *Id.* at 1-5.

The Court issues this order to clarify the scope of its jurisdiction pending Mr. Bates's appeal to the First Circuit, specifically with regard to the Petitioner's motion to stay and Mr. Evangelos's self-titled amicus brief.

## II.   LEGAL STANDARD

"It is well settled that a district court loses jurisdiction over a case upon the filing of a notice of appeal." *United States v. Vazquez-Rosario*, 45 F.4th 565, 569 (1st Cir. 2022) (citing *United States v. Naphaeng*, 906 F.3d 173, 177 (1st Cir. 2018)). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord OfficeMax Inc. v. Cnty. Qwik Print, Inc.*, No. 1:10-cv-00110-JAW, 2011 U.S. Dist. LEXIS 44062, at *3 (D. Me. Apr. 25, 2011) ("[A] federal district court and a federal court of appeals should not attempt to assert

3

jurisdiction over a case simultaneously") (quoting *Bradford-Scott Data Corp. v. Physician Comput. Network*, 128 F.3d 504, 505 (7th Cir. 1997)).

The First Circuit has clarified that "the filing of a notice of appeal divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal," *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998) (internal quotation marks omitted), explaining that district courts "retain[] authority to decide matters not inconsistent with the pendency of the appeal." *United States v. Hurley*, 63 F.3d 1, 23 (1st Cir. 1995).  The First Circuit has described the general circumstances in which a district court may retain jurisdiction even while an appeal is pending:

> The black-letter rule that the filing of a notice of appeal transfers authority over the case from the trial court to the court of appeals derives from a desire to prevent clashes between institutions that occupy different tiers within the federal judicial system.  Thus, the trial court may continue to exercise a modicum of power over a case that is before the appellate court—but this power exists only in those few situations in which the risk of an intramural collision is small.

*Brooks*, 145 F.3d at 456.  Thus, a district court might retain jurisdiction regarding motions for attorney's fees, actions in aid of execution of judgment, and "orders relating to procedures in aid of appeal." *Id.* (internal quotation marks omitted).

### III. DISCUSSION

In the context of both Mr. Bates's motion to stay and Mr. Evangelos's amicus brief, the Court must determine what constitutes "any matter touching upon, or involved in, the appeal."  *Brooks*, 145 F.3d at 455.  In *Pharmaceutical Care Management Association v. Maine Attorney General*, 332 F. Supp. 2d 258 (D. Me.

2004), the District Court observed that "it can be said that trial court proceedings directed to the merits of the lawsuit inevitably 'touch upon' the interlocutory appeal." *Pharm. Care Mgmt. Assoc.*, 332 F. Supp. 2d at 259. Judge D. Brock Hornby refined the test by saying that an appeal restricts "only trial court proceedings that impinge more directly upon the questions presented in the interlocutory appeal." *Id.* at 260. In other words, whether the district court has divested jurisdiction turns on whether there is an "inconsistency . . . between the interlocutory appeal and proceeding toward final resolution of the merits in the trial court." *Id.*

  A. **Foster Bates's Motion to Stay**

As noted, the Petitioner asks the Court to "grant a stay of [his] federal petition proceedings and hold the case in abeyance" in order to "afford [him] the opportunity to return to state court and pursue the unexhausted claims." *Pet'r's Mot. for Stay* at 2. Although the Court holds in abeyance its ruling on the merits of Mr. Bates's motion until the motion has come under the Court's advisement, the Court concludes the motion to stay is not "directed to the merits of the lawsuit" and, thus, is not "a[] matter touching upon, or involved in, the appeal." *Brooks*, 145 F.3d at 455. The motion to stay is a close question because the Court of Appeals, not this Court, has the right to control its own docket, and a stay order would deprive the Court of Appeals of the opportunity to hear the appeal at a time of its own choosing. For the moment, however, the Court assumes that it retains jurisdiction over the motion to stay pending Mr. Bates's appeal to the First Circuit, since the motion for stay does not

5

address the merits of the appeal, and the Court will issue an order on the same once the warden responds, Mr. Bates replies, and the motion is placed under advisement.

### B.     Jeffrey Evangelos's Amicus Brief

The Court reaches a different conclusion with regard to Mr. Evangelos's so-called amicus brief for multiple reasons.  First, part of Mr. Evangelos's brief challenges the sufficiency of the evidence supporting Mr. Bates's conviction.  Such evidence is clearly "a[] matter touching upon, or involved in, the appeal"—indeed, the evidence underlying the conviction Mr. Bates now challenges is a matter which goes to the heart of his appeal currently pending before the First Circuit.  *Id.*  This implicates the well-established principle that "[t]he filing of a notice of appeal is an event of jurisdictional significance[,] confer[ring] jurisdiction on the court of appeals and divest[ing] the district court of its control over those aspects of the case involved in the appeal."  *Griggs*, 459 U.S. at 58.  Consistent with this precedent, the Court determines it does not have jurisdiction over Mr. Evangelos's brief pending Mr. Bates's appeal.

However, even if the Court were to conclude that it did retain jurisdiction over Mr. Evangelos's amicus brief during the pendency of Mr. Bates's appeal, the Court would nevertheless conclude his brief is inappropriate for the simple reason that, to the Court's knowledge, Mr. Evangelos is neither a party to this case nor an attorney.  *See* 28 U.S.C. § 1654.  Black-letter law provides that, "[a]lthough federal law permits persons to represent themselves in federal court, *see* 28 U.S.C. § 1654, this provision does not allow unlicensed laypersons to represent . . . any other individual[]."  *Albert*

6

*v. Commonwealth Exec. Office of Health & Hum. Serv.*, C.A. No. 17-12403-ADB, 2018 U.S. Dist. LEXIS 61902, at *2-3 (D. Mass. April 11, 2018).

The federal statutory provision permitting an individual to file a habeas corpus petition on another's behalf does not change the result. 28 U.S.C. § 2242 provides that a habeas form must, among other things, "be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf.*" *Id.* (emphasis supplied). Three principles control situations where a so-called "next friend" attempts to represent a person who is detained. *Weber v. Garza*, 570 F.2d 511, 513-14 (5th Cir. 1978). First, a court will recognize the authority of a third-party pro se filer only when the filer shows some reason or explanation satisfactory to the court as to (1) why the detained person did not sign and verify the filing, and (2) the relationship of the would-be next friend to the inmate and the nature of the next friend to the inmate. *Id.*; *accord Wilson v. Dixon*, 256 F.2d 536, 537-38 (9th Cir. 1958) (holding that the right to file on behalf of an inmate applies only when the filing sets forth some reason or explanation satisfactory to the court showing why the detained person has not signed the filing and who the next friend is) (citing *Gusman v. Marrero*, 180 U.S. 81 (1901)). Second, individuals not licensed to practice law by the state may not use the "next friend" device to engage in the unauthorized practice of law. *Weber*, 570 F.2d at 514. Third, when the application for habeas corpus filed by a would-be next friend does not set forth an adequate basis to resort to the next friend device, the court is without jurisdiction to consider the filing. *Id.*

From a review of the filings in this case, Mr. Evangelos's brief does not meet the first requirement—that he provide an explanation for why Mr. Bates cannot make filings on his own behalf. *Weber*, 570 F.2d at 513. The record in this case also does not allow the Court to come to this conclusion independently. To the contrary, Mr. Bates signed and verified his petition, *Pet. under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* at 15 (ECF No. 1), and attached eleven exhibits. *Id.*, Attachs. 1-11. In addition, Mr. Bates has subsequently made filings on his own behalf, including a successful motion seeking extension of time to file an appeal of the Court's order affirming the Recommended Decision to the First Circuit. *See Mem. in Support of Pet'r's' Obj. to Recommended Decision to Dismiss 28 U.S.C. § 2254 Pet.* (ECF No. 12); *Pet'r's Mot. for Stay*; *Mot. for Enlargement of Time*; *Order on Mot. for Enlargement of Time*.

Mr. Evangelos's brief similarly runs aground on the second requirement, in that his filing merely states that he has been helping Mr. Bates with his case since 2019 and describes his work in the Maine State House of Representatives. *Amicus Br.* at 4. But beyond these general statements, (which the Court accepts), Mr. Evangelos neither describes the nature of his relationship with Mr. Bates nor sets forth the specifics about his interest in this case. *Weber*, 570 F.2d at 513.

Caselaw is clear that so-called "next friend" petitions in habeas actions do not overcome the general rule that unlicensed laypersons may not represent another individual in a court proceeding. *Weber*, 570 F.2d at 513-14; *Albert*, 2018 U.S. Dist. LEXIS 61902, at *2-3; *accord Azubuko v. Cabral*, Civ. Act. No. 10-10479-GAO, 2010

U.S. Dist. LEXIS 30069, at *6 (D. Mass. Mar. 25, 2010) ("while the Court cannot prohibit a petitioner from seeking legal assistance on his own from whatever source he chooses, this does not mean that a non-attorney may practice law in this Court"). The Court will not depart from this unequivocal jurisprudence and concludes Mr. Evangelos's self-titled amicus brief was improperly filed in this case and will not be considered. *See Weber*, 570 F.2d at 514 ("when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition").

This ruling is not a reflection of Mr. Evangelos's good faith or the contents of his amicus brief. It is simply an application of Maine law, which prohibits the unauthorized practice of law, 4 M.R.S. § 807, and of the local rules of this Court. *See* D. ME. LOC. R. 83.1(c) ("No person may appear or practice before this Court on behalf of another person if they are not a member in good standing of the bar of this Court . . .").

## IV. CONCLUSION

Having determined that it retains jurisdiction over Foster Bates's Motion to Stay (ECF No. 17), the Court holds in abeyance its final ruling on that motion pending the warden's response and Mr. Bates's reply.

Further, the Court STIKES as unauthorized Jeffrey Evangelos's Amicus Brief on [B]ehalf of Foster Bates (ECF No. 22).

SO ORDERED.

                                                    /s/ John A. Woodcock, Jr.
                                                    JOHN A. WOODCOCK, JR.
                                                    UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2025