UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FOSTER BATES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   1:24-cv-00175-JAW |
| | ) |
| NATHAN THAYER, | ) |
| | ) |
| Respondent. | ) |

**SECOND PRELIMINARY ORDER ON MOTION TO STAY**

Concluding a petitioner's motion to stay his federal habeas corpus proceedings so that he may return to state court and raise allegedly unexhausted claims implicates the merits of the petitioner's appeal to the First Circuit, the court holds in abeyance its final ruling on the stay motion until the First Circuit returns jurisdiction to this court.

**I.  BACKGROUND**

On February 14, 2025, the Court issued an order over Foster Bates's objection affirming a United States Magistrate Judge's recommendation that the Court dismiss Mr. Bates's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, on the grounds that his claims were procedurally defaulted and without merit. *Recommended Decision on 28 U.S.C. § 2254 Pet.* (ECF No. 8) (*Rec. Dec.*); *Mem. in Support of Pet'r's Obj. to the Recommended Decision to Dismiss 28 U.S.C. § 2254 Pet.* (ECF No. 12); *Order Affirming Recommended Decision Over Obj.* (ECF No. 14) (*Order Affirming Rec. Dec.*).  The Clerk of Court entered judgment against Mr. Bates on

February 19, 2025, dismissing his habeas petition without prejudice. *J.* (ECF No. 14).

Mr. Bates, who is presently incarcerated and brings this case pro se, then moved for enlargement of time to file a notice of appeal to the United States Court of Appeals for the First Circuit of the Court's order affirming the Recommended Decision. *Mot. for Enlargement of Time* (ECF No. 15). The Court granted Mr. Bates's motion on April 14, 2025, awarding him a fourteen-day extension pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). *Order on Mot. for Enlargement of Time* (ECF No. 16).

On April 28, 2025, Mr. Bates filed in this Court, first, a motion for stay and abeyance, *Mot. for Stay and Abeyance* (ECF No. 17) (*Pet'r's Mot.*), and, second, a notice of appeal to the First Circuit of the Court's February 14, 2025 order affirming the Recommended Decision. *Notice of Appeal* (ECF No. 18). Mr. Bates's motion for stay asks the Court to "grant a stay of [his] federal petition proceedings and hold the case in abeyance" in order to "afford [him] the opportunity to return to state court and pursue the unexhausted claims." *Pet'r's Mot.* at 2. Also on April 28, 2025, Jeffrey Evangelos, who is neither an attorney nor a party to this case, emailed the Clerk of Court, attaching what he entitled an "Amicus Brief on [B]ehalf of Foster Bates." *Amicus Br. on [B]ehalf of Foster Bates* (ECF No. 22). Among other things, Mr. Evangelos's self-titled amicus brief takes issue with the sufficiency of the evidence supporting Mr. Bates's conviction. *Id.* at 1-5.

2

On May 9, 2025, the Court issued a preliminary order to clarify the scope of its jurisdiction pending Mr. Bates's appeal to the First Circuit, specifically with regard to the Petitioner's motion to stay and Mr. Evangelos's amicus brief. *Prelim. Order on Mot. to Stay and Order on Third-Party Filings* (ECF No. 23) (*Prelim. Stay Order*). In that order, the Court observed that, per well-established First Circuit authority, "the filing of a notice of appeal divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal," *id.* at 4 (quoting *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998) (internal quotation marks omitted)), explaining district courts "retain[] authority to decide matters not inconsistent with the pendency of the appeal." *Id.* (quoting *United States v. Hurley*, 63 F.3d 1, 23 (1st Cir. 1995)).

In accordance with this jurisprudence, the Court determined it lacked jurisdiction over the third-party's filings, both because Mr. Evangelos is neither a party to this case nor an attorney, and because his filing directly implicated issues currently before the First Circuit on appeal. *Id.* However, the Court preliminarily assumed it may retain jurisdiction over Mr. Bates's motion to stay because that motion did not appear "directed to the merits of the lawsuit" and instructed the Government to file its response and Mr. Bates to then submit his reply. *Id.* at 5 (quoting *Brooks*, 145 F.3d at 455); *id.* ("For the moment . . . the Court assumes that it retains jurisdiction over the motion to stay pending Mr. Bates's appeal to the First Circuit"). In compliance, the Government responded to the Petitioner's motion to stay on May 14, 2025, *Resp't's Resp. to Pet'r's Mot. for Stay and Abeyance* (ECF No. 25)

3

(*Gov't's Opp'n*), and Mr. Bates replied on June 2, 2025. *Mot. for Stay and Abeyance* (ECF No. 28) (*Pet'r's Reply*).

## II. THE PARTIES' POSITIONS

### A. Foster Bates's Motion for Stay and Abeyance

Mr. Bates's motion for stay, which he filed on the same day as his notice of appeal to the First Circuit, asks the Court to "grant a stay of [his] federal petition proceedings and hold the case in abeyance" to "afford [him] the opportunity to return to state court and pursue the unexhausted claims." *Pet'r's Mot.* at 2. In support of his request, Mr. Bates says that, in connection with his allegations of ineffective assistance of counsel, a violation of his right to an impartial jury, prosecutorial misconduct, and insufficient evidence, as raised in his 28 U.S.C. § 2254 petition, "[he] [has] raised additional claims that have yet to be fully litigated in state court," arguing that "[f]ederal precedents, such as *Rose v. Lundy*, 455 U.S. 509 (1982) and *Rhines v. Weber*, 544 U.S. 269 (2005), clearly affirm the necessity of exhausting available state remedies prior to federal review." *Id.* at 1-2. He argues these "unexhausted claims" demand "a proceeding in the state forum before they are ripe for federal adjudication." *Id.* at 2.

Mr. Bates provides further detail on the allegedly unexhausted claims. On his claim of ineffective assistance, he says:

1. Counsel did not request DNA testing on key pieces of evidence.
2. Counsel failed to call an expert witness regarding critical forensic evidence.
3. Counsel neglected to interview or subpoena alibi witnesses.

4. Counsel did not file a motion for a mistrial under *Brady v. Maryland* when material exculpatory evidence was withheld.

5. Counsel failed to challenge jury composition and request access to grand jury minutes to properly prepare Petitioner's defense.

6. Counsel did not strike the three jurors who were exposed to inadmissible evidence reported in the newspaper on the day of trial.

7. Counsel did not advise Petitioner of his right to motion for a mistrial after jury pool was tainted by pretrial publicity the day of jury selection.

8. Counsel had a conflict of interest with an alibi witness.

9. Counsel did not keep Petitioner informed during crucial stages of trial proceeding.

*Id.* at 2 (formatting altered). Turning to his assertion that the prosecutor withheld material exculpatory evidence, the Petitioner alleges:

1. Prosecutor los[t] the audio and video tape recording of an alternative suspect interview with detectives on eve of Petitioner's trial.

2. The [loss] of the audio and video tape recording to disclose material severely deprived Petitioner of his Equal Protection rights.

3. Prosecutor violated the Confrontational Clause when they withheld material exculpatory evidence prohibiting Petitioner the opportunity to prepare a defense.

*Id.* (formatting altered).

The Petitioner maintains there is good cause for his requested stay on account of his pro se status and insists his unexhausted claims of insufficient evidence, ineffective assistance of counsel, and prosecutorial misconduct are "far from frivolous." *Id.* at 3.

5

B.  **The Government's Response**

Acknowledging that it is within the Court's discretion to stay a habeas petition "and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims," the Government argues a stay is inappropriate in the instant case because the Petitioner has not met his burden of demonstrating (1) "good cause" for the failure to exhaust a specific claim in state court, (2) that the specific claim is not "plainly meritless," and (3) that the failure to exhaust was not an "abusive litigation tactic[] or intentional delay." *Gov't's Opp'n* at 1 (quoting *Rhines*, 544 U.S. at 275, 277-78).  Specifically, the Government contends "Petitioner Bates has failed to provide any basis for this Court to grant his motion for stay and abeyance," insisting "[h]e provides no explanation, let alone 'good cause,' for his failure to properly raise the claims at issue in his current § 2254 petition" before each appropriate state court. *Id.* at 2 (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). The Government further avers, as thoroughly analyzed by the Magistrate Judge in his Recommended Decision on Mr. Bates's § 2254 petition, "all of Petitioner Bates'[s] claims are meritless." *Id.*

Next, the Government argues the Court should dismiss the motion for stay because the Petitioner's claims "are already exhausted in state court because 'there are no state remedies . . . "available" to him.'" *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). The Government avers that "Maine law requires that all grounds for post-conviction relief be raised in a single petition; absent narrow exceptions, Maine law bars successive petitions for post-conviction review; and

6

prescribes filing limitation periods for post-conviction petitions." *Id.* (citing 15 M.R.S. §§ 2128(3), 2128(4), 2128-A, 2128-B(1)).  Thus, based on the state court record, the Government argues that, "even if this Court were to allow Petitioner Bates to return to state court, 'the court to which [he] would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' . . . for his failure to comply with the state procedural rules regarding filing deadlines and successive petitions." *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).

The Government argues that the procedural rules provided in 15 M.R.S. § 2121 *et seq.* are "firmly established and consistently followed," *id.* (quoting *Martinez v. Ryan*, 566 U.S. 1, 9 (2012)), and, as such, provide "independent and adequate state ground[s]" for the Maine Superior Court to decline to hear the Petitioner's claims, and for the Law Court to deny discretionary review.  *Id.*  Thus, the Government instructs that this Court "'will not review the merits of [Petitioner Bates'] claims' . . . absent a showing of cause and prejudice or actual innocence; showings this Court has already determined that Petitioner Bate[]s has failed to demonstrate."  *Id.* (quoting *Martinez v. Ryan*, 566 U.S. 1, 9 (2002)).

Insisting that Mr. Bates's motion is "nothing more than a tactic to intentionally delay the federal proceedings," the Government urges the Court to deny his request for stay and abeyance.  *Id.* at 3.

    C.    **Foster Bates's Reply**

The Petitioner reiterates his request for the Court to grant his motion for stay, arguing (1) good cause exists for his failure to exhaust his claims in state court, (2)

his unexhausted claims are potentially meritorious, and (3) he is not seeking a stay for the purpose of delay. *Pet'r's Reply* at 2.

First, Mr. Bates claims good cause exists for his failure to exhaust, alleging that he lacks meaningful access to legal materials while incarcerated, that he was previously deprived of effective assistance of counsel at trial and was prejudiced as a result, that newly discovered evidence supports a claim of actual innocence, that Petitioner has uncovered evidence of prosecutorial misconduct, and that his unexhausted claims are available in state court because he did not learn of the claims alleged until he received discovery from the state on his habeas petition. *Id.* at 2-4. Next, Mr. Bates argues his claims are potentially meritorious and, furthermore, that he is acting in good faith and not for the purpose of delay. *Id.* at 4.

## III.  LEGAL STANDARDS

Mr. Bates asks this Court to issue an order staying his federal habeas proceedings so that he may return to state court and pursue allegedly unexhausted claims. Petitioner makes this request of this Court while he has a pending appeal before the United States Court of Appeals for the First Circuit. Specifically, Mr. Bates appealed this Court's order affirming a Magistrate Judge's Recommended Decision to dismiss his habeas petition on the ground that the petition raised procedurally defaulted grounds. Two legal canons are thus at issue here.

### A.  Motion to Stay Habeas Corpus Petition

In *Rhines v. Weber*, 544 U.S. 269, the Supreme Court addressed the propriety of the "stay and abeyance" procedure in a so-called "mixed petition" for habeas corpus

8

relief in which a state prisoner presents a federal court with "a single petition containing some claims that have been exhausted in the state court and some that have not." *Rhines*, 544 U.S. at 271. *Rhines* noted the "interplay" between the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA) and the dismissal requirement in *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). *Id.* at 275. In *Lundy*, the Supreme Court held that federal district courts may not "adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Id.* at 273 (citing *Lundy*, 455 U.S. at 518-19). When the one-year statute of limitations is applied, the petitioners who come to the federal courts "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275.

At the same time, *Rhines* recognized that staying a federal habeas petition frustrates the "twin purposes" of the AEDPA—encouraging finality and streamlining federal habeas proceedings—by allowing a petitioner to delay the resolution of the federal proceedings and decreasing a petitioner's incentive to exhaust all his claims in the state court prior to filing his federal petition. *Id.* at 277. *Rhines*, therefore, ruled that stay and abeyance should be available "only in limited circumstances." *Id.* Specifically, the district court must (1) determine whether there is "good cause" for the petitioner's failure to exhaust his claims first in state court, (2) review the state claim to determine whether it is "plainly meritless," and (3) make certain there is no indication the defendant "engaged in intentionally dilatory litigation tactics." *Id.* at 277-78. Should the district court conclude these criteria

9

have been met and a stay should be granted, it should not do so indefinitely and should place "reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278 (citing *Zarvela v. Artuz*, 254 F.3d 374, 380-81 (2d Cir. 2001) ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed")).

### B.  District Court Jurisdiction Pending Appeal

"It is well settled that a district court loses jurisdiction over a case upon the filing of a notice of appeal." *United States v. Vazquez-Rosario*, 45 F.4th 565, 569 (1st Cir. 2022) (citing *United States v. Naphaeng*, 906 F.3d 173, 177 (1st Cir. 2018)). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord OfficeMax Inc. v. Cnty. Qwik Print, Inc.*, No. 1:10-cv-00110-JAW, 2011 U.S. Dist. LEXIS 44062, at *3 (D. Me. Apr. 25, 2011) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously") (quoting *Bradford-Scott Data Corp. v. Physician Comput. Network*, 128 F.3d 504, 505 (7th Cir. 1997)).

The First Circuit has clarified that "the filing of a notice of appeal divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal," *Brooks*, 145 F.3d at 455 (internal quotation marks omitted),

10

explaining that district courts "retain[] authority to decide matters not inconsistent with the pendency of the appeal." *Hurley*, 63 F.3d at 23. The First Circuit has described, generally, the limited circumstances in which a district court may retain jurisdiction even while an appeal is pending:

> The black-letter rule that the filing of a notice of appeal transfers authority over the case from the trial court to the court of appeals derives from a desire to prevent clashes between institutions that occupy different tiers within the federal judicial system. Thus, the trial court may continue to exercise a modicum of power over a case that is before the appellate court—but this power exists only in those few situations in which the risk of an intramural collision is small.

*Brooks*, 145 F.3d at 456. Thus, a district court might retain jurisdiction regarding motions for attorney's fees, actions in aid of execution of judgment, and "orders relating to procedures in aid of appeal." *Id.* (internal quotation marks omitted).

## IV.    DISCUSSION

The Court concludes it lacks jurisdiction over Mr. Bates's motion for stay and abeyance during the pendency of his appeal to the First Circuit. The Petitioner's motion asks this Court to hold his federal habeas proceedings in abeyance so that he may return to state court to pursue allegedly unexhausted claims of insufficient evidence, ineffective assistance of counsel, and prosecutorial misconduct. *See Pet'r's Mot.* at 1-3. After having the opportunity to review the complete motion sequence, including Mr. Bates's reply, which clarifies the grounds for his stay request, the Court now concludes the Petitioner's motion is "a[] matter touching upon, or involved in, the appeal." *Brooks*, 145 F.3d at 455. As such, the Court lacks jurisdiction to rule on this motion while the Petitioner's appeal is pending. *See Griggs*, 459 U.S. at 58 ("The

11

filing of a notice of appeal is an event of jurisdictional significance[,] confer[ring] jurisdiction on the court of appeals and divest[ing] the district court of its control over those aspects of the case involved in the appeal").

Indeed, the order Mr. Bates is presently appealing to the First Circuit deemed his habeas petition unavailing because his claims are procedurally defaulted. *Order Affirming Rec. Dec.* at 1-14. As the Court described in its order, the Magistrate Judge summarized the Petitioner's arguments in support of a writ of habeas corpus as:

> Petitioner argues that trial counsel provided ineffective assistance by failing to: (1) obtain DNA testing or call an expert witness, (2) call other witnesses, (3) challenge the composition of the grand jury or the trial jury, (4) file a motion for the grand jury minutes, and (5) file a motion for a mistrial based on alleged prosecutorial misconduct in the form of destruction of exculpatory evidence.

*Id.* at 6 (citing *Rec. Dec.* at 17). These are essentially the same claims of ineffective assistance of counsel, evidence insufficiency, and prosecutorial misconduct that Mr. Bates now seeks to raise before a state court, while holding his federal proceeding in abeyance. *See Pet'r's Mot.* at 1-3.

Furthermore, in support of his motion to stay, Mr. Bates contends that these unexhausted claims are not without merit. *Id.* For the Court to rule on his stay request, it would need to determine, consistent with *Rhines*, that the Petitioner's "unexhausted claims are potentially meritorious." *Rhines*, 544 U.S. at 278. The merit of these claims is an issue previously resolved by the Court in its order affirming the Magistrate Judge's Recommended Decision and currently before the First Circuit on appeal. This Court is thus without jurisdiction to consider the same question in the interest of the First Circuit's well-established desire "to prevent clashes between

12

institutions that occupy different tiers within the federal judicial system." *Griggs*, 459 U.S. at 58; *accord Brooks*, 145 F.3d at 456.

Specifically, Mr. Bates appealed the Court's order affirming the Magistrate Judge's determination that the Petitioner did not raise the first or second claim of ineffective assistance of counsel, as enumerated above, in his request for discretionary review by the Law Court and therefore "failed to exhaust the claims fully, and because Maine law requires him to present all available claims in one proceeding, the claims are now procedurally defaulted." *Order Affirming Rec. Dec.* at 6. Given this procedural default of claims one and two, the Magistrate Judge observed, and the Court affirmed, that Mr. Bates "can only proceed with the claims . . . if he can show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"; the Court also affirmed the Magistrate Judge's determination that Mr. Bates had not satisfied that burden. *Id.* at 6-7.

The Court similarly affirmed the Magistrate Judge's determination that Mr. Bates's third, fourth, and fifth ineffective assistance of counsel claims were procedurally defaulted because he "did not raise those claims in state court" and, alternatively, the "Petitioner has not established actual innocence." *Id.* at 8. The Court also agreed with the Magistrate Judge that Mr. Bates's third, fourth, and fifth claims are unavailing on the merits. *Id.* At bottom, the Court lacks jurisdiction to issue an order on whether Mr. Bates has shown the existence of "potentially meritorious" unexhausted claims, so as to warrant staying his federal habeas

13

proceedings and return to state court, *Rhines*, 544 U.S. at 277-78, because these are "matter[s] touching upon, or involved in, the appeal." *Brooks*, 145 F.3d at 455.

The net effect of this Court's granting Mr. Bates's motion for stay and abeyance would be for this Court to deprive the Court of Appeals of its ability to rule on an appeal now before it. As this Court owes its allegiance to the Court of Appeals for the First Circuit, not vice versa, the Court must not issue orders that purport to tell the First Circuit when to address appeals now before that appellate court. Because the resolution of the pending motion to stay and abeyance could affect certain time limits, the Court concludes it is wiser to retain the motion on the docket and to address it after the First Circuit has resolved the appeal before it.

## V.   CONCLUSION

The Court HOLDS in abeyance its final ruling on Foster Bates's Motion for Stay and Abeyance (ECF No. 17) pending the Petitioner's appeal of the Court's Order Affirming Recommended Decision Over Objection (ECF No. 13) to the United States Court of Appeals for the First Circuit.

Insofar as Mr. Bates's Motion for Stay and Abeyance (ECF No. 17) requests this Court to issue an order directing the First Circuit to stay its consideration of the Petitioner's appeal of Order Affirming Recommended Decision Over Objection (ECF No. 13) so that Mr. Bates may return to state court, the Court DENIES the Motion for Stay and Abeyance (ECF No. 17).

SO ORDERED.

                                                <u>/s/ John A. Woodcock, Jr.</u>
                                                JOHN A. WOODCOCK, JR.
                                                UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2025